UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 14-20383

v.                                          Honorable Nancy G. Edmunds

RAYMOND L. THOMAS, JR.,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE [29]**

On July 8, 2015, Defendant Raymond L. Thomas, Jr. pled guilty to one count of conspiring to possess with the intent to distribute 100 grams or more of heroin, a controlled substance. (ECF No. 143.) On October 27, 2015, this Court sentenced Defendant to 60 months imprisonment followed by a term of 48 months of supervised release. (ECF No. 163.) The matter is before the Court on Defendant's motion for early termination of supervised release.

Defendant was placed on supervised release on May 1, 2020 and has served approximately 19 months of his 48-month term. Defendant argues that his term of supervised release should be terminated because he secured employment in, and desires to move to, Houston, Texas. He also notes that he has taken several steps towards successful rehabilitation and maintains good relationships with his children.

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release at any time after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the

interest of justice." Additional factors the Court considers are the sentencing factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *See* § 3583(e). Early termination "is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). However, "[s]imple compliance with the conditions of supervised release are [sic] expected and not exceptional . . . ." *United States v. Laine*, 404 F. App'x 571, 574 (3d Cir. 2010); *see also United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (noting that even though the defendant's "post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, it if it were, the exception would swallow the rule").

Here, the Court finds that there are no changed circumstances that warrant early termination of Defendant's supervised release.[1] The Court imposed a 48-month term of supervised release consistent with 18 U.S.C. § 3583(a). While the Court commends Defendant on his compliance with the terms of supervised release and efforts towards positive rehabilitation, this is not sufficient for early termination of Defendant's supervised release under the circumstances.

Based upon the foregoing, and having considered this matter in its entirety, Defendant's motion for early termination of supervised release is DENIED.

SO ORDERED.

s/Nancy G. Edmunds<br>Nancy G. Edmunds<br>United States District Judge

Dated: January 28, 2022

---

[1] The Court suggested, as an alternative course of action, that Defendant request his supervision be transferred to Houston, Texas. Defendant declined this option.

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 28, 2022, by electronic and/or ordinary mail.

                                            <u>s/Lisa Bartlett</u>
                                            Case Manager